**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4796**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

MATTHEW HIGHTOWER,

          Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Marvin J. Garbis, Senior District Judge.  (1:15-cr-00322-MJG-3)

Submitted:  January 30, 2018                    Decided:  March 12, 2018

Before MOTZ, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Erek L. Barron, WHITEFORD, TAYLOR & PRESTON, LLP, Bethesda, Maryland, for Appellant.  Stephen M. Schenning, Acting United States Attorney, Judson T. Mihok, Sandra Wilkinson, Assistant United States Attorneys, Natalie Salmanowitz, Law Clerk, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew Hightower appeals his convictions for collection of extension of credit by extortion, in violation of 18 U.S.C. § 894 (2012), and use of a facility in interstate commerce for extortion resulting in death, in violation of 18 U.S.C. § 1952(a)(2), (3) (2012) ("Travel Act"). He contends that § 894 is unconstitutional under the Commerce Clause and that the evidence was insufficient to show that there was federal jurisdiction under § 1952 because there was only an incidental and minimal interstate nexus insufficient to establish a violation of either statute. We affirm.

"We review de novo a properly preserved constitutional claim." *United States v. Murillo*, 826 F.3d 152, 156 (4th Cir. 2016), *cert. denied*, 137 S. Ct. 812 (2017). Section 894, the federal extortion statute, is part of Title II of the Consumer Credit Protection Act, Pub. L. No. 90-321, § 202, 82 Stat. 146, 159-62 (1968) (codified as amended at 18 U.S.C. §§ 891-896 (2012)). The Supreme Court explicitly upheld the constitutionality of Title II, ruling that "[e]xtortionate credit transactions, though purely intrastate, may in the judgment of Congress affect interstate commerce." *Perez v. United States*, 402 U.S. 146, 154 (1971). Furthermore, "[w]here the *class of activities* is regulated and that *class* is within the reach of federal power, the courts have no power to excise, as trivial, individual instances of the class." *Id.* (internal quotation marks omitted).

Nevertheless, Hightower contends that a subsequent Supreme Court decision, *United States v. Lopez*, 514 U.S. 549 (1995), abrogated *Perez*. Hightower is mistaken. Far from undermining or abrogating *Perez*, *Lopez* instead reaffirmed *Perez*: "[W]e have upheld a wide variety of congressional Acts regulating intrastate economic activity where we have

2

concluded that the activity substantially affected interstate commerce. Examples include

. . . intrastate extortionate credit transactions, *Perez . . . .*" *Lopez*, 514 U.S. at 559; *see also*

*United States v. Photogrammetric Data Servs., Inc.*, 259 F.3d 229, 251 (4th Cir. 2001)

(observing that courts regularly "uphold[] convictions based upon criminal statutes which

serve to protect instrumentalities of interstate commerce even though the specific conduct

involved arose from intrastate activities"), *abrogated on other grounds by Crawford v.*

*Washington*, 541 U.S. 36 (2004). The Supreme Court has continued to explicitly approve

of *Perez*: "Our case law firmly establishes Congress' power to regulate purely local

activities that are part of an economic 'class of activities' that have a substantial effect on

interstate commerce." *Gonzales v. Raich*, 545 U.S. 1, 17 (2005) (citing *Perez*, 402 U.S. at

151).

Because *Perez* remains good law, § 894 is constitutional. Thus, we need not decide

whether Hightower's particular extortionate activities, as "individual instances of the

class" of extortionate activities, *Perez*, 402 U.S. at 154 (internal quotation marks omitted),

affected interstate commerce.

Next, we review de novo the district court's denial of a Fed. R. Crim. P. 29 motion

based on the sufficiency of the evidence supporting a conviction. *United States v. Pinson*,

860 F.3d 152, 160 (4th Cir. 2017). A defendant challenging evidentiary sufficiency carries

a "heavy burden." *Id.* at 161 (internal quotation marks omitted). We will uphold a

conviction if, "view[ing] the evidence in the light most favorable to the government[,] . . .

*any* rational trier of fact could have found the essential elements of the crime charged

beyond a reasonable doubt." *United States v. Barefoot*, 754 F.3d 226, 233 (4th Cir. 2014) (internal quotation marks omitted).

Hightower contends that, with respect to the Travel Act count, the alleged activities are too minimal to confer federal jurisdiction. According to Hightower, § 1952 requires interstate activity that is essential to the charged conduct. We conclude, however, that our precedent directly forecloses Hightower's argument. *United States v. LeFaivre*, 507 F.2d 1288, 1296–97 (4th Cir. 1974) (holding "that when the ordinary meaning of the Travel Act clearly covers an activity, we will not read into the Act any requirement that travel in interstate commerce or use of facilities in interstate commerce be a 'substantial' or an 'integral' part of the activity"). Instead, "Congress chose to trigger application of the Travel Act by the use of 'any facility in interstate or foreign commerce.'" *Id.* (quoting § 1952(a). In doing so, "Congress did not exclude from application of the statute the use of facilities in commerce that might be termed 'minimal and incidental.'" *Id.*

Here, the evidence shows that Hightower sent text messages and placed cell phone calls to the victim that were routed through switches in Washington state and Washington, D.C., respectively. The fact that the communications traveled out-of-state, even if sent and received within the same state, is therefore sufficient to fall within the statute's reach. Nor is there any requirement that this interstate aspect be foreseeable or known to the defendant. *Id.* at 1298. Thus, a rational juror could easily find the evidence sufficient to show that Hightower used a facility in interstate commerce. *See* 18 U.S.C. § 1952(a).

Accordingly, we affirm the judgment of the district court. We deny Hightower's motion to file a pro se supplemental brief, *see United States v. Penniegraft*, 641 F.3d 566,

569 n.1 (4th Cir. 2011), and his request for new counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*